IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALFRED REEVES,

Defendant.                                                No. 15-30056-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court in this closed criminal case is Reeves's sealed April 5, 2018 letter to the Court which the Court construes as a motion for reduction of sentence (Doc. 137). Based on the following, the Court dismisses for want of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty

and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, Reeves does not cite any case law or statute that would allow the Court to consider this motion. Moreover, Rule 35 is inapplicable because this motion is brought by the defendant *pro se* almost a year and half after the sentencing (October 17, 2016) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Reeves could bring this motion is a § 2255 collateral attack, which is a civil proceeding. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is unclear to the Court that Reeves intends to pursue a collateral attack.[1] Because the Court finds that Reeves's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks

---

1 In the event that Reeves wishes to file a 28 U.S.C. § 2255 motion, the Court notes that it would be considered a second or successive motion under Section 2255(h) which Reeves needs authorization from the Seventh Circuit to proceed. See 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed). A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255). On March 19, 2018, the Court dismissed with prejudice Reeves's original 28 U.S.C. § 2255 petition. See *Reeves v. United States*, 17-1331-DRH; Docs. 6 & 7.

jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Reeves's motion for reduction of sentence (Doc. 137).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.09 13:54:29
-05'00'

**United States District Court**